Mr. Richard A. Weiss, Director Department of Finance and Administration Post Office Box 3278 Little Rock, Arkansas 72203-3278
Dear Mr. Weiss:
This is in response to your request for an opinion concerning "under what conditions an employee or the employee's immediate family may contract to sell professional or consulting services, commodities or other services to the State." In your letter, you submit that the Ethics in Public Contracting Law, A.C.A. § 19-11-701 et seq., includes provisions for determining whether a state employee or members of the employee's immediate family may sell goods or services to the state, but A.C.A. §19-4-1601(b)(3)(C) limits the compensation that an employee may receive from the state.
The questions you have presented, as well as the examples supplied in your letter, do not involve specific fact situations.[1] My answers must therefore be drafted in general terms and may be subject to change if presented with individual fact situations. Narrow constitutional and statutory exemptions and prohibitions which cannot, as a practical matter, be addressed in response to general questions may be applicable in certain factual contexts. With this in mind, it is my opinion that state employees are generally prohibited from entering into a professional or consultant services contract with a state agency, but state employees and members of their immediate family may, under limited circumstances, sell commodities and other services to the state.
Arkansas Code Annotated § 19-4-1701 et seq. generally governs professional services and consultant services contracts. Section 19-4-1707(d) provides:
 In no event shall any state agency engage in a professional services or consultant services contract with a part-time or full-time employee who occupies a position authorized to be paid from extra help or regular salaries for a state agency.[2]
This prohibition is also reflected in the definition of "contractor" under A.C.A. § 19-4-1701(2) which provides in part:
 "Contractor" means any person or organization which executes a contract with a state agency under which the person or organization agrees to provide professional services or consultant services to the agency and the individuals performing the services are not state employees occupying regular full-time or part-time or extra help positions provided by law[.][3]
Thus, to the extent a professional services or consultant services contract is entered into between a state agency and a state employee who is paid from extra help or regular salaries, it is illegal. See Ops. Att'y Gen. 90-050 and 93-102.
I can find no state statute that generally prohibits a member of a state employee's family from entering into a professional services or consultant services contract with a state agency. It should, however, be stated that a state employee cannot use his position to secure "special privileges" for himself or certain family members. Arkansas Code Annotated § 21-8-304(a) provides:
 No public official or state employee shall use his position to secure special privileges or exemption for himself, his spouse, child, parents, or other persons standing in the first degree of relationship, or for those with whom he has a substantial financial relationship, that is not available to others, except as may be otherwise provided by law.
The fact that a member of a state employee's family contracts with a state agency to provide professional or consultant services will generally not, in and of itself, be violative of this provision; however, it is possible that under certain circumstances such a contract could constitute a violation of this provision. It would be necessary to review such circumstances on a case-by-case basis.
With regard to commodities and other services, it is my opinion that state law does not flatly prohibit a state employee or members of his immediate family from selling commodities and other services to the state.[4] See generally Fiser v. Clayton, 221 Ark 528, 254 S.W.2d 315
(1953) (court held that Act 214 of 1943, which has been repealed, was not sufficiently clear to conclude legislature intended to prohibit employee of state agency from consummating commercial or business transactions with another agency). The Ethics in Public Contracting Law, however, enacted subsequent to the Fiser decision, places stringent limitations in this regard upon the activities of state employees. Section 19-11-705
provides in part:
 (a)(1) Conflict of Interest. It shall be a breach of ethical standards for any employee to participate directly or indirectly in any proceeding or application, in any request for ruling or other determination, in any claim or controversy, or in any other particular matter pertaining to any contract or subcontract, and any solicitation or proposal therefor, in which to the employee's knowledge:
 (A) The employee or any member of the employee's immediate family has a financial interest;
 (B) A business or organization has a financial interest, in which business or organization the employee, or any member of the employee's immediate family, has a financial interest; or
 (C) Any other person, business, or organization with whom the employee or any member of the employee's immediate family is negotiating or has an arrangement concerning prospective employment is a part. . . .
 (b) "Direct or indirect participation" shall include, but not be limited to, involvement through decision, approval, disapproval, recommendation, preparation of any part of a procurement request, influencing the content of any specification or procurement standard, rendering of advice, investigation, auditing, or in any other advisory capacity.[5]
Thus, a state employee in the course of his public employment generally may not be involved, either directly or indirectly, in any matter pertaining to any contract for the purchase of commodities and services in which the employee or any member of his immediate family has a financial interest.[6] See Op. Att'y Gen. 86-402 (copy enclosed); see also
A.C.A. § 21-8-304(a) (state employee cannot use his position to secure "special privileges" for himself or certain family members). For example, where a state employee is responsible for recommending vendors for either equipment purchase or repair, there would be a conflict of interest if the agency employing such person contracted with a business owned by the employee's father. See Op. Att'y Gen. 92-111. The Ethics in Public Contracting Law should be reviewed in its entirety for application to a particular situation. It should also be stated that "any employee who has or obtains any benefit from any state contract with a business in which the employee has a financial interest [must] report such benefit to the Director of the Department of Finance and Administration." A.C.A. §19-11-706(a).
Finally, as to your reference to A.C.A. § 19-4-1601(b)(3)(C), it is my opinion that a court would likely hold that this provision is not applicable to payments for the procurement of commodities and services under the state purchasing law. Article 16, § 4 of the Arkansas Constitution provides in part: "The General Assembly shall fix the salaries and fees of all officers in the State, and no greater salary or fee than that fixed by law shall be paid to any officer, employee or other person." In accordance with this provision, the General Assembly enacted the "Regular Salary Procedures and Restrictions Act" which provides in part that "No employee authorized by the General Assembly shall receive from appropriated or cash funds, either from state, federal, or other sources, compensation in an amount greater than that established by the General Assembly as the maximum annual salary for the employee unless specific provisions are made therefor by law." A.C.A. §19-4-1601(b)(3)(C); see generally Op. Att'y Gen. 90-050. In my opinion, the foregoing restrictions generally limit compensation for employment. Payments, however, for the purchase of commodities and services, as defined in the Arkansas Purchasing Law, are distinct from compensation paid for employment. With regard to such commodities and services, the state is purchasing a product as opposed to securing the personal services of a specific individual. Thus, although only a judicial ruling could provide a conclusive resolution to this issue, it is my opinion that a court would likely conclude that Article 16, § 4, and A.C.A. §19-4-1601(b)(3)(C) are not applicable to payments for the purchase of commodities and services pursuant to the Arkansas Purchasing Law. As noted above, however, there are stringent statutory limitations as to the involvement of an employee or family member in contracting decisions which would inure to their personal benefit.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] You have provided two examples: (1) an employee contracting to sell professional or consulting services to a state agency and (2) an employee or members of the employee's immediate family contracting to sell goods or services, such as janitorial or grounds-keeping services, to their own agency or another agency.
[2] Arkansas Code Annotated § 19-4-1704 provides that the principal purpose of a professional services contract or a consultant services contract shall be the procurement of the services of an individual by the state agency rather than the procurement of commodities. See also A.C.A. § 19-4-1702 (defining professional services contract) and A.C.A. § 19-4-1703 (defining consultant services contract).
[3] It should be noted that § 19-4-1701 further provides that "nothing herein shall be construed to prohibit an institution of higher education from executing a contract with a state agency under which services will be performed by employees of the institution of higher education." Also, § 19-4-1701 provides that an employee of an institution of higher education performing such services to a state agency may receive additional compensation under certain circumstances.
[4] Although your question refers only to employees, it must be noted that Amendment 54 to the Arkansas Constitution could be applicable to some individuals in certain circumstances. Amendment 54 provides in part: "The printing, stationery, and supplies purchased by the General Assembly and other departments of government shall be under contracts given to the lowest responsible bidder . . . No member or officer of any department of government shall in any way be interested in such contracts."
[5] "Contract" means all types of state agreements, regardless of what they may be called, for the purchase or disposal of commodities and services. See A.C.A. § 19-11-701. "Commodities" and "services" mean those commodities and services "as defined in the Arkansas Purchasing Law, §19-11-201 et seq." Id. Under the Arkansas Purchasing Law, "services" generally means the furnishing of labor, time, or effort by a contractor, and does not include employment agreements. A.C.A. §19-11-203(23).
[6] "Immediate family" means a spouse, children, parents, brothers and sisters, and grandparents. A.C.A. § 19-11-701(11).